IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SUSAN LOGUE                                                                                              PLAINTIFF

v.                                              CIVIL NO. 21-5021

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Susan Logue, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on November 1, 2017, and November 3, 2017, respectively, alleging an inability to work since October 27, 2017, due to a back injury, a neck injury, depression, high blood pressure, arthritis, chronic pain, migraines and short-term memory loss.  (Tr. 221-222, 367).  An administrative telephonic hearing was held on

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

April 8, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 175-220). By written decision dated July 26, 2019, the ALJ found Plaintiff maintained the RFC to perform sedentary work with limitations. (Tr. 17-27). Plaintiff requested a review of the hearing decision by the Appeals Council, who granted Plaintiff's request for review August 29, 2020. (Tr. 34).

By written decision dated December 23, 2020, the Appeals Council found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 7). Specifically, the Appeal Council found Plaintiff had the following severe impairments: mild degenerative disk disease of the bilateral knees, obesity, degenerative disk disease of the lumbar spine, a small disk bulge of the lumbar spine impinging on a nerve root, mild to moderate degenerative disk disease of the cervical spine, cervicalgia and cervical radiculitis. However, after reviewing all the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (*Id.*). The Appeals Council found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as define in 20 CFR 404.1567(a) and 416.967(a) except that she cannot climb ladders, ropes and scaffolds but can occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs.

(*Id.*). Finally, the ALJ determined Plaintiff could perform her past relevant work as an accounts payable clerk, a full charge bookkeeper, a receptionist, and a degree clerk. (*Id.*).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 18, 19).

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

**III.   Discussion:**

Of particular concern to the undersigned is the Appeals Council's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an Appeals Council's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the Appeals Council determined Plaintiff maintained the RFC to perform sedentary work with limitations. After reviewing the record, the undersigned is troubled by the fact that no examining or non-examining medical professional opined as to Plaintiff's capabilities to perform in the workplace subsequent to a March 6, 2019, MRI of the lumbar spine that revealed a right paracentral disc protrusion at L5-S1 impinging on the lateral recess, likely affecting the traversing right S1 nerve root; and mild spinal stenosis at L3-L4 and L4-L5 secondary to degenerative changes. (Tr. 812). Plaintiff complained of both numbness and tingling in her extremities, and Dr. Patrick Tyler Greenburg indicated that both the mild stenosis of the spinal canal and the disc protrusion, could cause compression of the nerves, as well as pain, weakness, and numbness. *Id*. The record also revealed Plaintiff was diagnosed with fibromyalgia on May 3, 2019, by Dr. Kabir Nazmul; however, this medical evidence was not considered when determining Plaintiff's RFC. (Tr. 4, 54). After reviewing the record as a whole, the Court finds remand necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's impairments.

On remand, the ALJ is directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 14th day of April 2022.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE